UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FABIAN MENDEZ YANZA,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br>Respondent. | No. 1:26-cv-05527-DAD-JDP<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos 1, 2.) |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of *habeas corpus* (Doc. No. 1), and a motion for a temporary restraining order. (Doc. No. 2). He seeks his immediate release from immigration detention or a bond hearing. (Doc. No. 1 at 12–13.) On July 21, 2026, respondent filed a combined opposition to petitioner's motion for temporary restraining order and response to the petition. (Doc. No. 6.) Therein, respondent requests that the court rule on the *habeas* petition without further briefing. (*Id.* at 2.) Respondent argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). (*Id.* at 1–2.)

The following facts are taken from the parties' briefing. Petitioner is a citizen and native of Ecuador. (Doc. No. 1 at 1.) He entered the United States without inspection in November 2023. (*Id.* at 5.) According to the criminal history report provided by respondent, petitioner was

arrested by Florida law enforcement on or about June 8, 2026, for alleged criminal law violations of kidnap/false imprisonment, aggravated assault with a deadly weapon without intent to kill, and battery. (Doc. No. 6-2 at 2–3.) He was then placed into Immigration and Customs Enforcement ("ICE") custody without any type of immigration bond hearing where he remains to this day. (Doc. No. 2 at 1–2.)

In his petition, petitioner states that he was charged with the above listed criminal offenses in Florida on or about June 8, 2026. (Doc. No. 1 at 4–5.) However, the State of Florida within the past week indicated that it is not filing charges against petitioner due to insufficient evidence. *See Florida v. Yanza*, Case No. 48-2026-CF-008013-O (Fla. Cir. Ct. Orange Cnty. July 23, 2026). Further, nothing indicates petitioner was provided with proper due process, such as a post-deprivation bond hearing, for his immigration detention.

As to respondent's argument that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), the court rejects that position as it has done on several prior occasions in light of petitioner's presence in the United States since 2023. *See e.g.*, *Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026). Accordingly, the court adopts the reasoning stated in *Huerta Huerta v. Warden of the Golden States Annex Detention Facility*, 1:26-cv-02301-DAD-CSK, 2026 WL 1552359, at *1–2 (E.D. Cal. June 1, 2026) and finds that petitioner's continued detention absent the process required by § 1226(a) is unlawful. Given the lack of due process that petitioner has received in this case, the court finds that petitioner's release from immigration custody is proper. *See Martinez-Bonilla v. Santacruz*, No. 1:26-cv-03334-DAD-JDP, 2026 WL 1346685, at *4 (E.D. Cal. May 14, 2026) (finding that the typical *habeas* remedy of release was appropriate because the government erroneously detained the petitioner pursuant to § 1225(b), the government did not provide a lawful justification for petitioner's mandatory detention or argue that the petitioner was a danger or a flight risk, and the petitioner's due process rights were violated due to the delay in providing him a bond hearing such that the provision of a bond hearing was constitutionally insufficient), *report and recommendation adopted*, 2026 WL 1494002 (E.D. Cal. May 28, 2026).

/////

For the reasons stated above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner, William Fabian Mendez Yanza, A # 222-593-003, from respondent's custody,

   b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to serve the warden of the California City Correctional Center with a copy of this order; and

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

DATED: July 31, 22026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE